[Cite as *State v. Shine*, 2024-Ohio-2326.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-A-0074 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| TYLER SHINE, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00320 |

**O P I N I O N**

Decided: June 17, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Tyler Shine ("Mr. Shine"), appeals the judgment of the Ashtabula County Court of Common Pleas that sentenced him to an indefinite term of imprisonment of eight years up to 12 years for one count of aggravated vehicular homicide and two 18-month terms of imprisonment for two counts of vehicular assault, all to be served concurrently with each other.

{¶2} Mr. Shine's appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting there are no meritorious issues for review.

{¶3} After an independent review of the record pursuant to *Anders*, we find Mr. Shine's appeal is wholly frivolous. Thus, we grant appellate counsel's motion to withdraw and affirm the judgment of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶4} In June 2023, the Ashtabula County Grand Jury indicted Mr. Shine on one count of aggravated vehicular homicide, a second-degree felony, in violation of R.C. 2903.06(A)(2)(a) and (B)(3), and two counts of vehicular assault with a suspended driver's license, third-degree felonies, in violation of R.C. 2903.08(A)(2)(b) and (C)(2).

{¶5} The case proceeded to a one-day bench trial. The state presented the testimony of two of the victims from the other vehicle, i.e., the driver, Jordan Utt ("Ms. Utt"), and her passenger, William Baxter ("Mr. Baxter"); Brandi Beukeman ("Ms. Beukeman"), a driver who witnessed the accident; Officer Isaiah Charlton, a patrolman at the time for the Ohio State Highway Patrol; and Sergeant Jeremy Kindle ("Sgt. Kindle") of the Ohio State Highway Patrol.

{¶6} The state also introduced into evidence a Ring video of the crash recorded from a nearby home, a police body camera video of Mr. Shine receiving medical assistance following the crash, medical reports for Ms. Utt and Mr. Baxter, Mr. Shine's BMV records, and the coroner's report for the deceased victim, Zachary Brian Greene ("Mr. Greene"). Mr. Shine testified in his own defense.

2

{¶7} The state's evidence and testimony reflected that on April 23, 2022, Ms. Utt was driving east bound on US 322, and stopped to make a left-hand turn onto SR 46 in Ashtabula County, Ohio. Her left turn signal was on, and she was waiting for a car going westbound on US 322 to pass. Mr. Baxter was in the front passenger seat, and Mr. Greene was directly behind him in the back seat. Ms. Utt noticed a truck approaching from behind "that did not seem to be slowing down," but she did not have an opportunity to respond before it crashed into her vehicle.

{¶8} Mr. Shine struck Ms. Utt's vehicle, propelling it forward through the intersection and off to the right side of the road. Both vehicles were badly damaged.

{¶9} Ms. Utt sustained a concussion and permanent damage to her hearing in addition to scrapes and bruises. Mr. Baxter also sustained a concussion and injuries to his tailbone. Mr. Greene was life-flighted from the scene to a hospital for emergency brain surgery. He remained in a coma, dying from his injuries several months later. Mr. Shine was also transported to the hospital by ambulance for medical treatment.

{¶10} Officer Charlton testified that he issued Mr. Shine a traffic citation for failure to assure a clear distance in violation of R.C. 4511.21(A) and driving without a valid license in violation of R.C. 4510.12, with a distracted driving enhancement penalty. He also noted there were skid marks indicating that Mr. Shine did not have enough time to stop.

{¶11} Ms. Beukeman, a witness to the accident, was headed west on US 322 when she saw Mr. Shine slam into the back of Ms. Utt's stopped vehicle. She estimated he was driving at the 55-mph speed limit.

3

{¶12} Sgt. Kindler took Mr. Shine's statement at the hospital. Mr. Shine reported to the sergeant that he had glanced down because his phone was ringing and that the brakes and rotors of his truck were bad. In his signed statement, Mr. Shine stated: "I was east on US 322, I was coming up to a traffic light at State Route 45. There was a car at the intersection waiting to turn left. It was a blinking yellow light. I hit the car as it was making its turn. I was going about forty-five miles per hour."

{¶13} The Ring video, which is approximately 35 seconds long, shows Mr. Shine's truck crash into Ms. Utt's car from behind at a high speed, propelling it forward.

{¶14} Mr. Shine testified that he was on his way to get his paycheck from work and that he was driving at a speed of 55 mph, the posted speed limit. He was approaching an intersection and heard his phone ring: "I looked down and then as soon as I looked up I hit the brakes, and it happened. I hit them people." He started applying his brakes before he looked at his phone because he noticed Ms. Utt's vehicle was stopped with the left turn signal on. He thought he had enough time because he was several car lengths away. He estimated he looked down at his phone for approximately 10 seconds.

{¶15} Mr. Shine further testified he had been in the process of getting his driver's license back after being incarcerated for several years. His license had been issued by the state of Pennsylvania where he used to live. When he tried to reinstate it, he discovered he owed the Pennsylvania Department of Motor Vehicles $170. He denied that he was driving recklessly.

{¶16} The trial court found Mr. Shine guilty of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(2)(a) and (B)(3), a second-degree felony, and two counts of vehicular assault, in violation of R.C. 2903.08(A)(2)(b) and (C)(2), fourth-degree felonies

4

because there was no evidence that Mr. Shine was driving under a suspension imposed under R.C. Chapter 4510 or any other section of the Revised Code. The only evidence offered by the state (and Mr. Shine's testimony) was that he was driving without a valid license, which supports the increased degree of felony pursuant to R.C. 2903.06(B)(3) for aggravated vehicular homicide.

{¶17} The trial court sentenced Mr. Shine to an indefinite prison term of eight years up to 12 years, and two 18-month prison terms for the counts of vehicular assault. All sentences were ordered to be served concurrently.

{¶18} Mr. Shine filed a notice of appeal. His appellate counsel subsequently filed a brief pursuant to *Anders*, 386 U.S. 738, asserting there are no non-frivolous issues for review, and a motion to withdraw. Appellate counsel set forth one potential assignment of error:

{¶19} "Did the trial court commit prejudicial error that deprived Tyler Shine of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution by finding Shine guilty because the convictions are against the manifest weight of the evidence?"

**Standard of Review**

{¶20} In *Anders*, 386 U.S. 738, the Supreme Court of the United States held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and the request to withdraw, and give the client an

5

opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel. *Id.*

{¶21} This court issued a judgment entry granting Mr. Shine 30 days to file his own submission if he so chose. Mr. Shine did not file his own submission. Accordingly, we proceed to conduct an independent review of the record pursuant to *Anders*.

**Manifest Weight of the Evidence**

{¶22} As a potential error, appellate counsel contends Mr. Shine's convictions are against the manifest weight of the evidence.

{¶23} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. "In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury [or trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and

Case No. 2023-A-0074

disagrees with the factfinder's resolution of the conflicting testimony." *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

{¶24} "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * * If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.'" *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191-192 (1978). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *Martin* at 175.

{¶25} Fundamentally, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). "A fact finder is free to believe all, some, or none of the testimony of each witness appearing before it." *State v. Fetty*, 11th Dist. Portage No. 2011-P-0091, 2012-Ohio-6127, ¶ 58.

{¶26} As our review of the state's evidence revealed, the manifest weight of the evidence supports Mr. Shine's convictions. As caught on video, Mr. Shine was approaching a stopped vehicle at a high rate of speed when he took his eyes off the road to answer his cell phone. He knew his brakes and rotors were bad, and he was driving

7

without a valid driver's license. Mr. Greene died from the injuries he suffered in the crash, and there was evidence the other two victims suffered serious physical harm.

{¶27} Quite simply, this is not the exceptional case in which the manifest weight of the evidence weighs heavily against Mr. Shine's convictions.

{¶28} Mr. Shine's potential assignment of error is without merit.

{¶29} After an independent review of the record, we conclude the instant appeal is wholly frivolous. Appellate counsel's motion to withdraw is granted, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-A-0074